UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL BRYANT,<br><br>Plaintiff,<br><br>v.<br><br>PANE DELLA VITA II, INC. aka PANA DELLA VITA, LLC dba BATTER UP PANCAKES and CEDAR & NEES LP,<br><br>Defendants. | No. 1:18-cv-00158-DAD-BAM<br><br>ORDER DISMISSING CASE |

This case involves a civil rights action filed by plaintiff Rachel Bryant under Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, the State of California's Unruh Act, Cal. Civ. Code § 51, and various provisions of the California Health and Safety Code. (Doc. No. 1.) On April 26, 2018, Kristina Palacios, who is a successor to plaintiff, filed a notice of plaintiff's death during the pendency of this action. (Doc. No. 10.)

Pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Here, a motion for substitution has not been filed. The named plaintiff having died, the court

considers whether her claims have been extinguished.  Plaintiff's first cause of action is brought under the ADA, for which plaintiff's only available remedy is injunctive relief.  *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1136 (9th Cir. 2002) ("The enforcement provisions of Title III provide only for injunctive relief.  Damages are not available to individuals.").  Plaintiff's ADA claim was thus rendered moot by her death.  *See Kalani v. Starbucks Coffee Co.*, 698 Fed. App'x 883, 885 (9th Cir. 2017)[1] ("Because the only remedy available to private litigants under Title III is injunctive relief, [plaintiff]'s death renders his claims under the ADA moot, as there is necessarily no prospect of future injury.") (citations omitted).  The extinguishment of plaintiff's ADA claim leaves only state law claims remaining in this action.

The court had federal question jurisdiction in this matter based solely on plaintiff's ADA claim.  (Doc. No. 1 at ¶ 3.)  There is no allegation that the requirements for diversity jurisdiction are met here.  With plaintiff's ADA claim having been rendered moot, no federal claims remain over which this court has original jurisdiction.

Although the court has supplemental jurisdiction over plaintiff's remaining state law claims (*id.* at ¶ 4), "district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

The court finds that this is such a "usual" case.  *Sanford*, 625 F.3d at 561.  Considerations of judicial economy, convenience, fairness, and comity weigh in favor of declining to exercise supplemental jurisdiction.  This court has had minimal involvement in the case thus far, and all of the remaining claims arise under state law and favor deference to the state court.  Moreover, there is no reason to believe that the state court will provide the parties with a less convenient or less

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

fair adjudication of the state law claims.  The court therefore declines to exercise supplemental jurisdiction of the remaining state law claims.

Accordingly, it is hereby ordered that:

1. Plaintiff's claim under Title III of the ADA is dismissed as moot;
2. The court declines to exercise supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3);
3. Plaintiff's state law claims are dismissed without prejudice;
4. Any other motions pending before the court are terminated as having been rendered moot by this order; and
5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **June 18, 2018**

UNITED STATES DISTRICT JUDGE